

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC 27  PM 12: 55

LORETTA G. WHYTE
          CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PANAGIOTIS I. KONDYLIS | CIVIL ACTION |
| VERSUS | NO. 04-2351 |
| SAMUEL GEBBIA, ET AL. | SECT. B, MAG. 1 |

### MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) & (6) AND ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

**NOW INTO COURT,** through undersigned counsel comes defendants Rodney Jack Strain, Jr., Sheriff of St. Tammany Parish, and Warden Marlin Peachey, who move this Court pursuant to Fed. R. Civ. P. 12(b)(1)(6) to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted; and in the alternative, these defendants move this Court for an order granting defendants summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure because the pleadings, admissions, and affidavits on file and filed in support of this motion show that there is no genuine issue of material fact and movers are entitled to a judgment as a matter of law.

TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.

BY: _____
R. BRADLEY LEWIS T.A. (#8657)
4565 LaSalle St., Suite 300
Mandeville, Louisiana 70429-0340
(985) 624-5010
ATTORNEYS FOR DEFENDANTS

**CERTIFICATE**
I HEREBY CERTIFY that a copy of the above and foregoing has been furnished counsel of record by placing copy of same in the U. S. mail, postage prepaid, this 27 day of December, 2005.
_____

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No _____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PANAGIOTIS I. KONDYLIS | CIVIL ACTION |
| VERSUS | NO. 04-2351 |
| SAMUEL GEBBIA, ET AL. | SECT. B, MAG. 1 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) & (6) AND ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THIS HONORABLE COURT:**

This memorandum is submitted in support of the Motion to Dismiss and in the alternative, Motion for Summary Judgment filed on behalf of defendants Sheriff Jack Strain, Jr., and Warden Marlin Peachey and it is respectfully submitted that said motion should be granted and plaintiff's complaint dismissed because plaintiff's complaint fails to set forth federal question subject matter jurisdiction and fails to state a claim upon which relief can be granted, and defendants are entitled to summary judgment because there is no genuine material issue of disputed fact over the issue of whether defendants are entitled to the defense of absolute immunity.

I.  **FACTS**

Plaintiff Panagiotis Kondylis filed this federal civil rights lawsuit seeking damages for the alleged civil rights violations arising out of his arrest on August 17, 2003, and his subsequent detention in the St. Tammany Parish Jail.

As shown by plaintiff's complaint, this § 1983 civil rights action is based on his arrest on August 17, 2003, when he was arrested by investigators of the 22nd Judicial District Attorney's Office. Plaintiff alleges he was arrested by defendants Samuel Gebbia, Louis Dabdoud, Sr., and Jeffery Boehm, who were employed by defendant Walter Reed, District Attorney for the 22nd Judicial District, Parish of St. Tammany. These defendants were not employed by the Sheriff of St. Tammany Parish, Rodney Jack Strain, Jr., and the arrest was not a result of a criminal investigation by the St. Tammany Parish Sheriff's Office. (*See,* Plaintiff's Complaint, ¶¶ 1&3). The criminal charges resulting from plaintiff's arrest of August 17, 2003, are still pending against plaintiff in this suit and the defendant in the criminal cases. A status conference in these criminal matters was held on December 15, 2005, and a criminal trial date has now been set for February 13, 2005.

The thrust of plaintiff's civil complaint is that his civil rights were violated because he is not guilty of the criminal charges for which he was arrested. Plaintiff alleges that his arrest on false charges have denied him due process of law and equal protection of law and has subjected him to cruel and unusual punishment because he has been incarcerated in the St. Tammany Parish Jail.

Although there are some confusing allegations in his complaint as to whether Jack Strain had any employment relationship with Gebbia, Dabdoub, or Boehm, it is clear from his allegations in paragraph 1 that these three defendants were in fact employees of the 22nd Judicial

2

District Attorney and not employees of the Sheriff of St. Tammany Parish. Therefore, it is clear that the alleged reasons for suing defendants Sheriff Jack Strain and Warden Marlin Peachey is that he was confined in the St. Tammany Parish Jail after his arrest and that this confinement on alleged false charges constitutes a violation of his civil rights.

However, plaintiff's fails to state any grounds for federal question subject matter jurisdiction against defendants Strain and Peachey because he does not allege that either were personally involved in actually booking, processing, or admitting plaintiff into the St. Tammany Parish Jail. Apparently, plaintiff's allegation is that since employees of Strain and employees whom Peachey supervised booked and admitted him into the St. Tammany Parish Jail after his arrest by the DA's investigators, Strain and Peachey are liable based on vicarious liability for the actions of their subordinates. However, it is well established that there is no vicarious liability in civil rights cases. *Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Eason v. Thaler,* 73 F.3d 1322, 1327 (5th Cir. 1996). In plaintiff's entire complaint he does not make any factual allegation as to any specific act Strain or Peachey took against him.

Plaintiff's arrest occurred after an investigation by the District Attorney's Office and after the Honorable William J. Burris, Judge of the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, issued an arrest warrant for plaintiff's arrest for malfeasance in office in violation of La. R.S. 14:134(2), which was signed by Judge Burris on August 15, 2003. Since the subordinates of Strain and Peachey who booked and admitted plaintiff to the St. Tammany Parish Jail on August 17, 2003, were acting pursuant to a valid arrest warrant or at least a facially valid arrest warrant they, Strain, and Peachey are entitled to absolute immunity for their actions.

## II.   LAW AND ARGUMENT

### A. Motion to Dismiss for Failure to Set Forth Subject Matter Jurisdiction

Clearly, there is no subject matter jurisdiction in this case against defendants Sheriff Jack Strain, Jr. and Warden Marlin Peachey. Plaintiff has not set forth any specific allegations against Sheriff Strain or Warden Peachey. Furthermore, plaintiff does not allege that Sheriff Strain or Warden Peacey were personally involved in his arrest upon which his civil claims are based. Plaintiff does not claim that he was arrested by defendants Strain or Peachey or by any deputy under the supervision of Sheriff Strain or Warden Peachey. In fact, plaintiff makes no specific claims against these named defendants, but merely claims that plaintiff was wrongly detained at the St. Tammany Parish Jail by these named defendants. Plaintiff makes no allegations of fact against these defendants nor alleged that they were in any way personally involved in any of the alleged incidents set forth in plaintiff's complaint. It is well established that there is no liability on a supervisor's part under the civil rights law based on a theory of *respondeat superior*. *Monell v. Dep't of Social Services of New York City*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996). Thus, Sheriff Strain cannot be held liable under § 1983 pursuant to a theory of *respondeat superior* simply because the persons allegedly responsible for plaintiff's injury, if any, were employed by them. *Baskin v. Parker*, 602 F.2d 1205 (5th Cir. 1979); *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir. 1983). Furthermore, plaintiff has not set forth any factual allegation that any Sheriff's deputy acted with the intention of violating plaintiff's civil rights.

Plaintiff's complaint makes no contention that he was harmed as a result of a policy or procedure adopted or implemented by Sheriff Strain or Warden Peachey and accordingly,

plaintiff has not set forth federal question subject matter jurisdiction in his case against these defendants and plaintiff's case against these defendants should be dismissed.

A reading of plaintiff's complaint shows that there are no factual allegations whatsoever that anyone committed a deliberate and intentional act designed to violate his civil rights. The Fifth Circuit has held that a plaintiff in a § 1983 case against a governmental official in his or her official capacity must "state with factual detail and particularity the basis of the claim." *Babb v. Dorman*, 33 F.3d 472 (5th Cir. 1994). For these reasons, plaintiff's complaint fails to set forth any grounds that would give this Court federal question subject matter jurisdiction.

### B. Motion to Dismiss Based Upon Plaintiff's Failure to State a Claim Upon Which Relief May Be Granted

Plaintiff's complaint does not set forth a claim upon which relief can be granted against defendants Strain and Peachey for the reasons set forth above in the above section dealing with lack of subject matter jurisdiction. *Monell v. Dep't of Social Services of New York City, supra.*, clearly establishes the basic legal principle that there is no theory of vicarious liability or a liability based upon *respondeat superior* under § 1983 or other civil rights laws. There are no allegations in plaintiff's complaint or specific action by Strain or Peachey, which would constitute "deliberate indifference" toward the civil rights of plaintiff. Therefore, plaintiff has not stated a claim. For these reasons, plaintiff's case against these defendants should be dismissed for failure to set forth a claim upon which relief can be granted.

### C. Motion for Summary Judgment

#### 1. Standard for Granting Summary Judgment

Summary Judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any

material fact. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed. 265 (1986); and *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2305, 91 L.Ed. 202 (1986). The *Celotex* case makes it absolutely clear that after adequate time for discovery, summary judgment should be granted when plaintiff has failed to establish an element essential to the claim and there are no genuine issues of material fact:

> In our view, the plain language of Rule 56c mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex* at 273.

In the instant case, there is no genuine issue of material of facts on whether the doctrine of absolute immunity prevents plaintiff's suit against Sheriff Strain and Warden Peachey. Furthermore, there is no genuine dispute of material facts as to whether plaintiff's criminal charges are still pending. Therefore, plaintiff's claims are barred by the doctrine set forth by the U.S. Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Defendants respectfully bring this motion to show this Court that they are entitled to judgment as a matter of law on plaintiff's claims. In support of this motion, defendants have submitted the following documents as exhibits:

1. A copy of the arrest warrant dated August 15, 2003;

2. A certified copy of plaintiff's St. Tammany Parish Jail administrative file;

3. A certified copy of the Order of the 22nd Judicial District Court reducing bail, docket no. 368,638;

4. Affidavit of Deputy Warden Longino; and

5.    Affidavit of Chief Deputy Jay Trainor.

These documents show that there is no genuine issue as to material fact over the allegations brought against defendants Strain and Peachey and therefore, defendants' motion for summary judgment should be granted and plaintiff's claims against Sheriff Jack Strain, Jr. and Warden Marlin Peachey should be dismissed.

### 2. Absolute Immunity

It is respectfully submitted that Sheriff Strain and Warden Peachey are entitled to summary judgment because they are entitled to the defense of absolute immunity against plaintiff's claim that his civil rights were violated by his incarceration in the St. Tammany Parish Jail. His incarceration in the St. Tammany Parish Jail was pursuant to a legal arrest warrant or at least pursuant to a facially valid arrest warrant. Sheriff Strain and Warden Peachey and their subordinates working at the St. Tammany Parish Jail had no other choice but to honor the facially valid arrest warrant issued by the Honorable William Burris, Judge of the 22nd Judicial District Court. There is no genuine dispute of material facts on the issue of whether plaintiff's arrest was pursuant to a facially valid arrest warrant. On August 15, 2003, the Honorable William Burris, Judge of the 22nd Judicial District Court issued a warrant for the plaintiff's arrest for malfeasance in office, a violation of La. R.S. 14:134(2).

When plaintiff was arrested on August 17, 2003, by the district attorney's investigators and brought to the St. Tammany Parish Jail, the subordinates of Warden Peachey had no other choice but to book him into the jail pursuant to the arrest warrant. Shortly thereafter, a bill of information was filed against plaintiff Panagiotis Kondylis charging him with one count of public bribery, a violation a La. R.S. 14:118A(2), one count of malfeasance in office, a violation of La. R.S. 14:134(2), one count of theft of public property, a violation of La. 14:67, and another

count of malfeasance in office, a violation of La. R.S. 14:134(2). Furthermore, the Honorable Elaine W. DiMicelli, Judge of the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, signed arrest warrants 2323 and 2324 calling for plaintiff's arrest on two charges of theft and arrest warrant 2325 calling for plaintiff's arrest for the illegal possession of stolen things. On September 3, 2003, plaintiff appeared in state criminal court before Judge William Burris on a motion to reduce his bail. At that time, Judge Burris ordered that his bail be reduced to $200,000. His continuing incarceration thereafter was pursuant not only to the valid arrest warrants but also to the valid order of the court setting his bond at $200,000. Strain, Peachey, and their subordinates were required by law to keep plaintiff confined in the St. Tammany Parish Jail until such time as his bond was posted, which they did. There are no genuine issues of disputed facts on these matters. The law is clear that Sheriff Strain, Warden Peachey and their deputies acting in response to the arrest warrants and the court order setting the plaintiff's bail are clothed with the same absolute immunity afforded to the Judge when he signs an arrest warrant or issues an order setting bail. This issue of law is controlled by the Fifth Circuit's decision in *Mays v. Sudderth*, 97 F.3d 107 (5th Cir. 1996), in which the court concluded that "an official acting within the scope of his authority is absolutely immune from a suit for damages to the extent that the cause of action arises from his compliance with a facially valid order issued by a court acting within its jurisdiction." The court reasoned as follows:

> Moreover, because judges are absolutely immune from suit for judicial actions taken pursuant to their jurisdiction, to deny similar protection to government officials executing their orders would render the officials 'lightning rods for harassing litigation aimed at judicial orders.' We note, moreover, the unfairness of imposing liability in this context—an official charged with executing a facially valid court order has no choice but to do so.

*Mays v. Sudderth*, 97 F.3d 107 (5th Cir. 1996)(citations omitted).

In *Roland v. Phillips,* 19 F.3d 552 (11th Cir. 1994), the court held that sheriffs, as well as deputy sheriffs, were afforded absolute judicial immunity for acts done to enforce valid judicial orders.

In addressing the issue of immunity afforded to prison wardens for continuing to incarcerate a prisoner pursuant to a valid court order, the Fifth Circuit found that "absolute immunity is essential to insure 'the fearless and unhesitating execution of court orders necessary if the court's authority and ability to function are to remain uncompromised.'" *Mays v. Sudderth,* 97 F.3d 107 (5th Cir. 1996), citing *Patterson v. Von Risen,* 999 F.2d 1235 (8th Cir. 1993). Clearly, these defendants are entitled to the defense of absolute immunity. The documents submitted in support of the Motion for Summary Judgment clearly show that these defendants continued Mr. Kondylis' pretrial incarceration in response to two valid court orders.

For the foregoing reasons, it is respectfully submitted that defendants Sheriff Strain and Warden Peachey are entitled to summary judgment on the issue of absolute immunity and that plaintiff's case against them should be dismissed with prejudice at plaintiff's cost.

### 3. Plaintiff's Pending Criminal Charges

Plaintiff's § 1983 civil rights action is barred based upon the principals that the United States Supreme Court explained in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck,* the U.S. Supreme Court held:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 USC § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983

suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* at 486.

Plaintiff's § 1983 claim is essentially that he was unlawfully arrested and detained on August 17, 2003, when he was arrested and charged with malfeasance, public bribery, theft, and possession of drug paraphernalia, the very same charges that are currently still pending against plaintiff in his criminal case. It is clear that if plaintiff were to prevail in this civil action, such a judgment would imply the invalidity of any state criminal conviction he might receive.

The second, third, sixth, seventh, ninth, tenth, and eleventh circuits have held that *Heck* applies to pending criminal charges, and that a § 1983 claim "does not exist" if success in the §1983 civil action would necessarily imply invalidity of a conviction in the pending criminal prosecution as long as the potential for a conviction in the criminal case continues to exist. *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000). (See also cases cited in *Clay v. Allen*, 246 F.3d 679, 681 FN1 (5th Cir. 2001)).

The Fifth Circuit case of *Mackey v. Dickson,* 47 F.3d. 744 (5th Cir. 1995), although not directly deciding that the *Heck* doctrine applied to a pending criminal prosecution, certainly implies that it does. When *Mackey* first filed his suit, he was a pretrial detainee in a Texas jail and the Fifth Circuit case indicates that the *Heck* doctrine would apply to a person pending trial as well as to a person who had been convicted. However, in *Mackey*, the court held that under the facts of the case, the *Heck* doctrine may not apply because it was unclear from the facts of the case that a success in the § 1983 civil case would imply the invalidity of a criminal conviction in the pending criminal prosecution even if one had been obtained, and therefore remanded the

case. Since *Mackey*, District Courts in the Fifth Circuit have held that the *Heck* doctrine applies to pending criminal cases. The Middle District of Louisiana has held the following:

> The *Heck* rationale bars a criminal defendant from seeking in a Section 1983 case a determination of the alleged unlawfulness of actions which would render not only a prior conviction, but also a subsequent conviction invalid.

*Guillory v. Wheeler*, 2004 WL 330189 (M.D.La. 2/06/04).

Furthermore, in *Johnson v. McElven*, 101 F. 3d 423 (5th Cir. 1996), the Fifth Circuit has stated how a judgment should read dismissing a § 1983 civil case because success in that case would imply invalidity of a criminal conviction. The court held:

> "A preferred order of dismissal would read: plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met."

*Johnson v. McElven*, 101 F. 3d 423 (5th Cir. 1996).

Johnson sets forth that a case should be dismissed with prejudice to plaintiff asserting his claims again until the *Heck* conditions are met because in cases like *Johnson*, where it is clear that the *Heck* conditions are not met, the plaintiff does not have a cause of action and it is appropriate to dismiss a case that doesn't state a cause of action. On the other hand in those cases where the evidence does not clearly reflect whether success for the plaintiff in a 1983 action would imply the invalidity of a later criminal conviction of the plaintiff the courts have held that the appropriate thing to do is to stay the civil proceedings in a § 1983 case until the pending criminal case has run its course. *Guillory, supra* and *Mackey, supra*. Therefore, it would be appropriate for this Court to enter a Judgment of dismissal with prejudice in accordance with the holding of *Johnson v. McElven*.

A victory for plaintiff in this § 1983 civil action would imply the invalidity of any subsequent conviction reached in the pending state criminal proceedings against plaintiff.

11

Therefore, the *Heck* doctrine applies to this case and it would be appropriate to enter a judgment dismissing the case with prejudice in accordance with the *Johnson v. McElven*.

In the alternative, under *Mackey*, and *Guillory*, it would be appropriate to stay this § 1983 civil action and administratively close this case pending the outcome of the state criminal proceedings against plaintiff Panagiotis Kondylis.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully submitted that plaintiff's complaint fails to set forth jurisdiction over the subject matter and fails to state a claim against movers upon which relief may be granted; therefore, this Honorable Court should dismiss plaintiff's case with prejudice at plaintiff's cost pursuant to Fed. R. Civ. P. 12(b)1&6.

It is also respectfully submitted that defendants have clearly established that there is no genuine issue of material fact on the issue of absolute immunity and on the issue of whether the Heck doctrine applies to this case. For these reasons, defendants' motion should be granted and plaintiff's claims against defendants should be dismissed with prejudice at plaintiff's cost.

Respectfully submitted,

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

CERTIFICATE
I HEREBY CERTIFY that a copy of the above and foregoing has been furnished counsel of record by placing copy of same in the U. S. mail, postage prepaid, this ___ day of _____ 200_.

BY: _____
R. BRADLEY LEWIS T.A. (#8657)
4565 LaSalle St., Suite 300
Mandeville, LA 70471
(985) 624-5010
ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PANAGIOTIS I. KONDYLIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-2351** |
| **SAMUEL GEBBIA, ET AL.** | **SECT. B, MAG. 1** |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS
UPON WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

1. Plaintiff Panagiotis Kondylis was arrested on August 17, 2003, by investigators of the 22nd Judicial District Attorney's Office and was brought to the St. Tammany Parish Jail. (Exhibits 1, 2, 4 & 5).

2. Plaintiff was booked and admitted into the St. Tammany Parish Jail on August 17, 2003, pursuant to a valid arrest warrant issued for plaintiff's arrest for malfeasance in office in violation of La. R.S. 14:134(2), which was signed on August 15, 2003, by the Honorable William J. Burris, Judge of the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana. (Exhibits 1 & 2).

3. Defendants Samuel Gebbia, Louis Dabdoub, Sr., and Jeffery Boehm are employed by the 22nd Judicial District Attorney Walter Reed as investigators. They are not employed by St.

Tammany Parish Sheriff Jack Strain, Jr., and Sheriff Jack Strain, Jr., does not have the power to hire, fire, or supervise them in their work. (Exhibit 5).

4. A bill of information was filed against plaintiff Panagiotis Kondylis on August 21, 2003, charging him with one count of public bribery, a violation a La. R.S. 14:118A(2), one count of malfeasance in office, a violation of La. R.S. 14:134(2), one count of theft of public property, a violation of La. 14:67 and another count of malfeasance in office, a violation of La. R.S. 14:134(2). (Exhibit 2).

5. On August 21, 2003, the Honorable Elaine W. DiMicelli, Judge of the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana, signed arrest warrants 2323 and 2324 calling for plaintiff's arrest on two charges of theft and arrest warrant 2325 calling for plaintiff's arrest for the illegal possession of stolen things. (Exhibit 2).

6. On September 2, 2003, plaintiff appeared in state criminal court before Judge William Burris on a motion to reduce his bail. At that time, Judge Burris ordered that his bail be reduced to $200,000. (Exhibits 2 & 3).

7. Plaintiff Panagiotis Kondylis remained confined in the St. Tammany Parish Jail until his bond was posted, as required by law. (Exhibit 2).

Respectfully submitted,

**CERTIFICATE**
I HEREBY CERTIFY that a copy of the above and foregoing has been furnished counsel of record by placing copy of same in the U. S. mail, postage prepaid, this 27th day of December, 2005.

/s/ Bradley Lewis

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

By: /s/ Bradley Lewis
R. BRADLEY LEWIS
4565 LaSalle Street, Suite 300
Mandeville, LA 70471
(985) 624-5010
ATTORNEYS FOR DEFENDANTS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PANAGIOTIS I. KONDYLIS | CIVIL ACTION |
| VERSUS | NO. 04-2351 |
| SAMUEL GEBBIA, ET AL. | SECT. B, MAG. 1 |

**NOTICE OF MOTION TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) & (6)
AND ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**

TO:  Panagiotis I. Kondylis,
     through his attorneys of record
     Kevin A. Rieth
     4224 Canal Street
     New Orleans, LA 70119

**PLEASE TAKE NOTICE** that undersigned counsel for defendants Sheriff Jack Strain, Jr., and Warden Marlin Peachey will bring the attached motion for hearing before Hon. Ivan Lemelle, U.S. District Judge, at courtroom B305, 500 Camp St., New Orleans, Louisiana, on the **11th day of January, 2006, at 9:00 a.m.** or as soon thereafter as counsel may be heard.

                                    TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.

                                    BY: _____
                                    R. BRADLEY LEWIS   T.A. (#8657)
                                    4565 LaSalle Street, Suite 300
                                    Mandeville, LA  70471
                                    (985) 624-5010
                                    ATTORNEY FOR DEFENDANTS

CERTIFICATE
I HEREBY CERTIFY that a copy of the above and foregoing has been furnished counsel of record by placing copy of same in the U. S. mail, postage prepaid, this ___ day of _____, 20__.
_____

# SEE RECORD FOR

# EXHIBITS

# OR

# ATTACHMENTS

# NOT SCANNED